UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV13-916-CAS(DTBx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | KATHIE L WANG, ET AL. V. ALFONSO VERELA, JR, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED

## I.   INTRODUCTION

On April 4, 2013, plaintiffs Kathie L. Wang and Cornerstone Homes, LLC, filed an unlawful detainer action in the Riverside County Superior Court against *pro se* defendants Alfonso Varela Jr. and Linda Varela.

On May 20, 2013, defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Defendants contend that this court has jurisdiction to hear the instant case because plaintiffs have violated the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. §5220.

## II.   ANALYSIS

After reviewing the defendants' notice of removal, the Court finds that it appears to lack jurisdiction over the instant case. As a preliminary matter, the notice of removal appears to be untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, defendants were served with plaintiff's complaint on April 13, 2013. However, defendants did not remove until May 20, 2013. Thus, the removal appears to be untimely.

Second, cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court. 28 U.S.C. § 1331. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV13-916-CAS(DTBx) | Date | June 17, 2013 |
|---|---|---|---|
| Title | KATHIE L WANG, ET AL. V. ALFONSO VERELA, JR, ET AL. | | |

right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the complaint asserts only a single state law claim for unlawful detainer, which does not give rise to a federal question. See Dkt. No. 1. Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Defendants cannot create federal subject matter jurisdiction by attempting to raise a defense under the PTFA or any other body of federal law. See McAtee, 479 F.3d at 1145. Simply put, "[a] federal defense or counter-claim does not give rise to federal-question jurisdiction." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). Accordingly, the Court appears to lack subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

### III. CONCLUSION

Accordingly, defendants are hereby ORDERED to SHOW CAUSE on or before July 1, 2013, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |